THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JAMES J. BRESLIN, Appellant.

Argued November 24, 1953; decided February 25, 1954.

*Thomas J. Mackell* for appellant.  I. Since the investigation of the grand jury was directed against appellant, his refusal to answer a question about his own possible culpability was lawful and the indictment for contempt should have been dismissed. (*People* v. *Mondon,* 103 N. Y. 211; *People* v. *Gillette,* 126 App. Div. 665; *People* v. *Seaman,* 174 Misc. 792; *People* v. *Luckman,* 164 Misc. 230; *People* v. *Rauch,* 140 Misc. 691; *People* v. *Bermel,* 71 Misc. 356; *People* v. *Ferola,* 215 N. Y. 285.)  II. No statutory immunity from prosecution for every possible crime existed for defendant at the time he claimed his privilege against self incrimination.  (*Abrams* v. *United States,* 64 F. 2d 22; *People* v. *Anhut,* 162 App. Div. 517, 213 N. Y. 643; *Matter of Doyle [Hofstader],* 257 N. Y. 244; *People* v. *Grossman,* 145 Misc. 781; *People* v. *Clenner,* 159 Misc. 860; *Heike* v. *United States,* 227 U. S. 131.)  III. Neither the presiding judge in the court nor the prosecutor could lawfully confer immunity upon defendant for incriminating testimony which they might insist that he give. (*Ex parte Irvine,* 74 F. 954; *Aaron Burr's Case,* Fed. Cas. No. 14,692e; *Abrams* v. *United States,* 64 F. 2d 22; *People ex rel. Lewisohn* v. *O'Brien,* 176 N. Y. 253; *People ex rel. Taylor* v. *Forbes,* 143 N. Y. 219; *People* v. *Priori,* 164 N. Y. 459; *People* v. *Richter,* 182 Misc. 96.)  IV. Insufficiency of evidence and errors of the trial judge in charging the jury, refusing to charge as requested and sentencing appellant require reversal of the conviction.  (*People* v. *Walker,* 198 N. Y. 329; *People* v. *Fitz-Gerald,* 195 N. Y. 153; *People* v. *Foster,* 204 App. Div. 295, 236

N. Y. 610; *People* v. *Best,* 253 App. Div. 491; *People ex rel. Hofsaes* v. *Warden of City Prison,* 302 N. Y. 403; *Matter of Goodman* v. *Sala,* 268 App. Div. 826, 293 N. Y. 761.) V. The conviction violates the due process and privileges and immunities clauses of the Fourteenth Amendment of the Constitution of the United States. (*Prudential Ins. Co.* v. *Cheek,* 259 U. S. 530; *Gitlow* v. *New York,* 268 U. S. 652; *Near* v. *Minnesota,* 283 U. S. 697; *Wolf* v. *Colorado,* 338 U. S. 25; *Rochin* v. *California,* 342 U. S. 165; *United States* v. *Morton Salt Co.,* 338 U. S. 632; *Wieman* v. *Updegraff,* 344 U. S. 183; *Chambers* v. *Florida,* 309 U. S. 227; *Ashcraft* v. *Tennessee,* 322 U. S. 143; *Malinski* v. *New York,* 324 U. S. 401.)

*Miles F. McDonald, District Attorney* (*Aaron E. Koota* and *Julius Helfand* of counsel), for respondent. I. The privilege against self incrimination was not available to appellant before the grand jury. Therefore, his refusal to answer predicated upon the alleged privilege was legally without warrant. (*Matter of Grand Jury of Co. of Kings* [*Nicastro-Chadeayne*], 279 App. Div. 915, 303 N. Y. 983; *People ex rel. Hofsaes* v. *Warden of City Prison,* 277 App. Div. 398, 302 N. Y. 403; *People ex rel. Coyle* v. *Truesdell,* 259 App. Div. 282; *Matter of Seymour* v. *Larkin,* 254 App. Div. 215; *People* v. *Reiss,* 255 App. Div. 509, 280 N. Y. 539; *People* v. *Riley,* 129 Misc. 373.) II. The trial court properly ruled on the legality and propriety of the question propounded to appellant in the grand jury as one of law. (*People ex rel. Hegeman* v. *Corrigan,* 195 N. Y. 1; *People* v. *Samuels,* 284 N. Y. 410; *People* v. *Redmond,* 179 App. Div. 127; *People* v. *Miro,* 151 Misc. 164; *Wood* v. *People,* 59 N. Y. 117; *People* v. *Barbuti,* 207 App. Div. 285; *Luse* v. *United States,* 49 F. 2d 241.) III. The refusal of appellant to answer the question after he was directed so to do by the County Court was patently contumacious. (*People ex rel. Taylor* v. *Forbes,* 143 N. Y. 219; *Matter of Finkel* v. *McCook,* 247 App. Div. 57.)

*Per Curiam.* In view of the constitutional provision that no person " shall * * * be compelled in any criminal case to be a witness against himself " (N. Y. Const., art. I, § 6), defendant Breslin was free to refuse to answer questions put to him when he appeared before the grand jury, on the ground that his answers might tend to incriminate him, unless, in return for the

required testimony, he was granted an "immunity * * * so broad that the risk of prosecution [was] ended altogether ". (*Matter of Doyle,* 257 N. Y. 244, 250–251.) Such was the situation here; the provisions of the applicable statutes, prior to their amendment in 1953 (Penal Law, §§ 381, 584, 996), as well as today (L. 1953, ch. 891), cloaked defendant with an immunity as broad as the privilege guaranteed by the Constitution. In other words, a witness compelled to testify before a grand jury inquiring into the commission of crimes of bribery, conspiracy or gambling obtained a full and complete immunity from prosecution in this state for any crime disclosed or revealed by his testimony. (See, e.g., *Matter of Doyle,* 257 N. Y. 244, *supra*; *Matter of Rouss,* 221 N. Y. 81; *Matter of Grand Jury of Co. of Kings [Nicastro-Chadeayne],* 279 App. Div. 915, affd. 303 N. Y. 983; *People* v. *Florentine,* 276 App. Div. 730; *People ex rel. Coyle* v. *Truesdell,* 259 App. Div. 282; *People* v. *Reiss,* 255 App. Div. 509, affd. 280 N. Y. 539; *People* v. *Cahill,* 126 App. Div. 391, affd. 193 N. Y. 232.) It follows, therefore, that defendant was not entitled to remain silent, even if, as he urges, he believed himself one of the targets of the investigation rather than a mere witness. His refusal to answer the questions posed, after the court advised him that he had immunity and directed him to answer, constituted basis for the contempt of court conviction.

The judgment should be affirmed.

LEWIS, Ch. J., CONWAY, DESMOND, DYE, FULD, FROESSEL and VAN VOORHIS, JJ., concur.

Judgment affirmed.