In the Matter of the Second Additional GRAND JURY OF THE COUNTY OF KINGS, Empanelled for the March 1958 Term, as Extended, Respondents. WILLIAM F. CIOFFI et al., Appellants.

Second Department, May 9, 1960.

426

David F. Price for appellants.

Edward S. Silver, District Attorney (Aaron E. Koota and William Sonenshine of counsel), for respondents.

BRENNAN, J. The appellants, who are attorneys, have been adjudged guilty of a criminal contempt by the County Court, Kings County, for their failure to answer questions before a Kings County Grand Jury, the respondents herein.

The subjects as to which the Grand Jury inquiry was being prosecuted, and as to which the testimony of the appellants was sought, were whether there had been any unlawful solicitation of legal business in Kings County in violation of article 24 of the Penal Law and as to the existence in Kings County of any criminal conspiracy (Penal Law, art. 54) among certain attorneys and other persons to violate article 24.

When subpoenaed and sworn before the Grand Jury, the appellants were advised of the purpose and scope of the investigation, and, in addition, they were also informed that the Grand Jury was prepared to grant them immunity as permitted by law. Each appellant refused to answer the question propounded and asserted his privilege against self incrimination as preserved by the New York State Constitution (art. I, § 6). Thereupon, each appellant was temporarily excused from the Grand Jury room. Shortly thereafter, he was recalled, and, upon his return to the witness stand, the prosecutor requested the Grand Jury, acting through its foreman, to direct the witness

to answer the question which had been propounded. The request was complied with; the direction was given, but the witness still refused to answer upon the ground originally asserted.

Thereafter, an application to adjudge and punish the appellants for criminal contempt of court was made to, and granted by, the County Court. Upon this appeal from the order of the County Court granting said application, the appellants contend: (1) that they were, and are in fact, prospective defendants or targets of the Grand Jury's investigation and that section 2447 of the Penal Law cannot constitutionally be applied to them as such, (2) that having invoked their privilege against self incrimination, they cannot be compelled to testify before the Grand Jury which is investigating certain offenses, including the crime of unlawful solicitation of legal business, for and under which no immunity can be conferred, and (3) that they were not informed that immunity had been conferred upon them by the Grand Jury and, in the absence of such knowledge on their part, that their refusal to testify provided no basis for criminal contempt.

The record herein does not establish that the appellants were in fact prospective defendants or targets of the Grand Jury's investigation (cf. *People* v. *Bermel,* 71 Misc. 356; *People* v. *Freistadt,* 6 A D 2d, 1053). Statutory immunity having been conferred upon them, as witnesses, pursuant to sections 584 and 2447 of the Penal Law, and said immunity being as broad as the privilege guaranteed by the Constitution, they were compelled to testify before the Grand Jury inquiry into the aforesaid crime of conspiracy (*People* v. *De Feo,* 308 N. Y. 595; *People* v. *Breslin,* 306 N. Y. 294). There is no valid objection to a Grand Jury inquiry made in good faith where the alleged offenses of others were being examined into, though the others were co-conspirators with the witness called before the Grand Jury and upon whom immunity had been conferred (*People* v. *Reiss,* 255 App. Div. 509, affd. 280 N. Y. 539).

If it be assumed, *arguendo,* that these appellants are in fact prospective defendants or targets, it then becomes necessary to determine whether section 2447 of the Penal Law was properly and constitutionally applied to them. In considering this question, it is important to remember the essential difference which exists in the nature and extent of the constitutional privilege provided for and conferred by section 6 of article I of our State Constitution and the statutory immunity which is provided for, and which may be conferred, pursuant to section 584 of the Penal Law, as amended, and section 2447 of the

Penal Law. Section 6 of article I of the State Constitution provides that no person shall be compelled in any criminal case to be a witness against himself. In the event that this constitutional privilege is violated, the witness is protected not only from indictment based upon any incriminating testimony which he may have given before the Grand Jury, but he is also protected from the use of such evidence. However, by the violation of his aforesaid constitutional privilege, a prospective defendant does not gain absolute immunity from prosecution for the crimes concerning which he may have testified, because these alleged crimes may be resubmitted, for consideration, to another Grand Jury before which the said prospective defendant is not subpœnaed and examined. (*People* v. *Freistadt,* 6 A D 2d 1053, *supra*; *People ex rel. Coyle* v. *Truesdell,* 259 App. Div. 282; *People* v. *Bermel,* 71 Misc. 356, *supra*; cf. *People* v. *Steuding,* 6 N Y 2d 214, where this question was expressly left open.) On the other hand, where statutory immunity has been conferred pursuant to, and in accordance with, the grants and procedure contained in the Penal Law, such immunity is full, absolute, and complete in that the incriminating matters disclosed may not be resubmitted to another Grand Jury or otherwise received or considered against the immunized witness or prospective defendant upon any criminal prosecution in this State for any crime disclosed or revealed by the testimony of said immunized witness or prospective defendant. (*People* v. *Breslin,* 306 N. Y. 294, *supra*; *Matter of Grand Jury of County of Kings* [*Nicastro-Chadeayne*], 279 App. Div. 915, affd. 303 N. Y. 983.) Thus it may be said that the immunity resulting from the violation of the constitutional privilege contained in section 6 of article I of the State Constitution is a *limited immunity,* whereas the statutory immunity conferred pursuant to the grant and procedure contained in the pertinent sections of the Penal Law, is a *broad or absolute immunity.*

Appellants, in support of their contention that the aforesaid section 2447 cannot constitutionally be applied to them as such defendants or targets, rely upon the recent rulings in the case of *People* v. *Steuding* (6 N Y 2d 214, *supra*), and in the case of *People* v. *De Feo* (308 N. Y. 595, *supra*). In our opinion, these cases do not support appellants' contention. *People* v. *Steuding* (*supra*) arose out of the recent Grand Jury inquiry in Ulster County. Although the case is commonly referred to as *People* v. *Steuding,* the opinions in the Appellate Division, Third Department, and in the Court of Appeals are concerned entirely with the difficulties of Steuding's codefendant, Morgan D. Ryan. Ryan had been indicted by the Grand Jury for the

crime of conspiring to bribe public officers in violation of section 378 of the Penal Law, and of giving an officer bribes in violation of section 1822 of the Penal Law. He claimed (and it was not disputed) that he was a prospective defendant when he was summoned to appear and give testimony before the Grand Jury. He refused to sign a general waiver of immunity and was then examined concerning the matters for which he was thereafter indicted. *At no time was Ryan granted immunity by the Grand Jury.* He contended that the indictment obtained against him was invalid in that he had been compelled to be a witness against himself in violation of the constitutional privilege afforded him by section 6 of article I of the State Constitution. The Appellate Division sustained his contention and dismissed the indictment against him, and the Court of Appeals affirmed. This determination was reached upon the theory: (1) that section 6 of article I of the State Constitution directly and automatically grants and confers, upon a prospective defendant or target of an investigation, the privilege against self incrimination, (2) that it is not necessary for such a defendant or target to claim or assert his said constitutional privilege against self incrimination in order that he may enjoy the benefits of said privilege, (3) that as a result of any violation of said constitutional privilege, the prospective defendant or target is protected from indictment based on any incriminating testimony which he may have given and he is also protected from the use of such evidence, (4) that it is beyond the power of the Legislature to destroy, curtail, whittle down, or impair, in any manner or in any degree, the afore-mentioned constitutional privilege against self incrimination, and (5) that to the extent that section 2447 requires and places upon any prospective defendant or target of an investigation the burden of being required to claim or assert his privilege, or for that matter, to do any act or thing on the part of said defendant or target, section 2447 is unconstitutional as constituting an interference with the constitutional privilege against self incrimination which has been directly conferred by the Constitution upon a defendant or one who is in the shoes of a defendant.

A careful reading and consideration of the reasoning of the ruling in the *Steuding* case (*supra*) demonstrates that section 2447 of the Penal Law was held unconstitutional as against a prospective defendant or target of an investigation *only insofar* as said section interferes with the limited immunity which results from the violation of the constitutional privilege against self incrimination. But the *Steuding* case does not

in anywise hold or determine that section 2447 of the Penal Law is unconstitutional insofar as the same regulates the manner and procedure under which either a witness or a prospective defendant or target of an investigation seeks to obtain and have conferred upon him, and may properly receive, the above-mentioned broad or absolute immunity conferrable upon him by any pertinent provision of the Penal Law which authorizes the conferring of such broad, absolute statutory immunity pursuant to, and in accordance with, the provisions of section 2447. In other words, the *Steuding* case holds that the constitutional privilege and the limited immunity resulting from a violation thereof may not be interfered with by statute, but that holding does not declare that the broad and absolute immunity conferred by statute may not be regulated by another procedural statute. On the contrary, the conferring of the broad statutory immunity may be regulated by a statute such as section 2447 of the Penal Law, and, when so regulated, it is not unconstitutional. Indeed, Judge DYE, in concluding his concurring opinion in the *Steuding* case, states (6 N Y 2d, 214, 218): "When properly applied, section 2447 is not constitutionally defective."

As a demonstration of Judge DYE's observation, reference may be made to the companion case involving Morgan D. Ryan which appears under the title of *People* v. *Ryan* (7 A D 2d 198). There it appears that the same Morgan D. Ryan, after having testified with respect to certain matters, delivered a letter to the Grand Jury wherein he stated that " any and all questions put to me before your body, I refuse to answer on the ground that they may tend to incriminate me ". An adjournment was granted to Ryan for the purpose of obtaining certain records as to bank statements, and on the adjourned date he handed the foreman of the Grand Jury another letter refusing to answer further questions, but which letter was thereafter qualified by his agreeing to sign, and signing, a limited waiver with respect to his position as Research Assistant in the Ulster County Department of Public Welfare. He did not refuse to answer any specific questions, as none was actually put to him. He was thereupon excused, and contempt proceedings resulted. He appealed from the order adjudging him to be in criminal contempt of court. The People contended that, having appeared, having been advised of his rights, and having testified, he waived his claim to immunity and that he was obliged to continue to testify under penalty of the contempt order. The adjudication holding Ryan in contempt was not sustained. Mr. Justice HERLIHY stated (pp. 201–202):

" In the present situation, at the first session of the Grand Jury defendant (Ryan) refused to sign a waiver of immunity although he signified his willingness to testify. Likewise on November 6 when the defendant appeared, the Special Prosecutor advised that the Grand Jury had conferred no immunity and anything he said might be used against him. If the People are correct in their present contention, that warning to the defendant would have been of no purport. *We find section 2447 is a procedural remedy and not in conflict with the fundamental rights given under the Constitution (N. Y. Const., art. I, subd. 6).* In our opinion, when a witness agrees to waive his immunity, it still requires the necessity of his signing a written form in compliance with section 2446 and the filing thereof in the office of the clerk. Under this long-established procedure, there will never be any guess or surmise as to the intentions of the party or parties. Regardless of the oral warning given to the defendant, his refusal to sign a written waiver cannot be construed to infer or imply that testifying after such warning constituted a waiver.

" The letters mentioned as exhibits herein were sufficient notice to the Grand Jury and the Special Prosecutor of the defendant's change of mind. *It was then necessary to either excuse him or grant him immunity in accordance with section 2447 of the Penal Law.*

" The order finding defendant guilty of contempt should be reversed and he may purge himself thereof by appearing before the Grand Jury at the adjourned date and *either testifying or claiming his constitutional immunity subject to the procedural provisions of section 2447 of the Penal Law.*" (Emphasis supplied.) This determination of the Appellate Division was affirmed by the Court of Appeals (*People* v. *Ryan,* 6 N Y 2d 975).

It is also our view that the case of *People* v. *De Feo* (308 N. Y. 595, *supra*) also fails to aid the appellants in the case at bar. In the *De Feo* case, the defendant was adjudged guilty of criminal contempt of court for having refused to answer questions put to him by a Grand Jury in New York County. The court found that De Feo was in fact a prospective defendant or target of the Grand Jury's investigation. In that proceeding De Feo, during the first three sessions of the Grand Jury, was not advised of the purpose of the inquiry or of his constitutional rights as a prospective defendant in a criminal proceeding. He did not assert his privilege against self incrimination, nor did he sign a waiver of immunity. It was only during the fourth session that he was admonished and warned for the

first time. He then claimed his privilege, and the Grand Jury thereupon attempted to grant him immunity. It did not grant the broad immunity provided for in section 2447 of the Penal Law (i.e., "for or on account of any transaction, matter or thing concerning which" the prospective defendant was called upon to testify in response to the order of the Grand Jury) but the Grand Jury limited its grant of immunity solely to the crimes of conspiracy and bribery. This limited grant was ultimately held to be inadequate and an ineffectual attempt to confer the complete statutory immunity required by section 2447 of the Penal Law. When De Feo persisted in his refusal to answer the Grand Jury's questions he was held in contempt. In reversing the order adjudging De Feo guilty of criminal contempt, the Court of Appeals held that section 2447 was unconstitutional to the extent that in purporting to provide a new procedure for dealing with a prospective defendant, it constituted an invalid attempt to supersede the rule in *People* v. *Gillette* (126 App. Div. 665) wherein the privilege against self incrimination was construed to be a privilege constitutionally conferred upon a prospective defendant even though said defendant did not claim or assert the privilege. It seems clear that De Feo's adjudication of criminal contempt would have been affirmed had De Feo been properly warned and granted the broad and full statutory immunity provided for in section 2447 of the Penal Law. This conclusion is based upon the following portion of Judge Dye's opinion in the *De Feo* case (p. 604):

"While it is agreed that a grand jury is a competent authority to confer immunity (Penal Law, § 2447, subd. 3, par. [c]) and that the immunity conferred shall be complete in any criminal proceeding other than for perjury or contempt (subd. 2), it does not follow that the limitations on the immunity attempted to be granted to this witness, in exchange for incriminating testimony, was coextensive with and as broad as his constitutional privilege.

"True it is that section 2447 is designed as a complete immunity statute, but the immunity it contemplates is not operative until conferred by the Grand Jury or some other duly authorized agency mentioned in the statute. Here the immunity attempted to be conferred by the Grand Jury was incomplete, with the result that defendant was being compelled to give testimony in violation of his fundamental right against self incrimination. That being so, no proceeding for contempt may be predicated thereon."

In the light of the foregoing discussion and analysis, it is our view that while section 2447 has been held to be, and is, unconstitutional insofar as it constitutes an improper legislative interference with the constitutional privilege against self incrimination which is directly and automatically conferred by the Constitution upon a prospective defendant, nevertheless, that section may not be held to be unconstitutional with respect to the broad and absolute statutory immunity particularly conferrable under certain sections of the Penal Law (e.g., bribery, conspiracy, gambling, kidnapping), as it only regulates the manner and procedure by which such statutory immunity shall be conferred. It is also our view that in the proceeding at bar section 2447 was properly applied and, under the circumstances, is not constitutionally defective.

Since section 2447 was properly applied in the proceeding at bar, it is our view that the rule enunciated in *People* v. *Breslin* (306 N. Y. 294, *supra*) and in the cases therein cited remains unaltered and applies with full force to the situation at bar. In *People* v. *Breslin* (*supra*) the Court of Appeals stated (pp. 296–297):

" In view of the constitutional provision that no person ' shall * * * be compelled in any criminal case to be a witness against himself ' (N. Y. Const., art. I, § 6), defendant Breslin was free to refuse to answer questions put to him when he appeared before the grand jury, on the ground that his answers might tend to incriminate him, unless, in return for the required testimony, he was granted an ' immunity * * * so broad that the risk of prosecution [was] ended altogether '. (*Matter of Doyle,* 257 N. Y. 244, 250–251.) Such was the situation here; *the provisions of the applicable statutes, prior to their amendment in 1953* (Penal Law, §§ 381, 584, 996), *as well as today* (L. 1953, ch. 891), cloaked defendant with an immunity as broad as the privilege guaranteed by the Constitution. In other words, a witness compelled to testify before a grand jury inquiring into the commission of crimes of bribery, conspiracy or gambling obtained a full and complete immunity from prosecution in this state for any crime disclosed or revealed by his testimony. (See, e.g., *Matter of Doyle,* 257 N. Y. 244, *supra*; *Matter of Rouss,* 221 N. Y. 81; *Matter of Grand Jury of Co. of Kings* [*Nicastro-Chadeayne*], 279 App. Div. 915, affd. 303 N. Y. 983; *People* v. *Florentine,* 276 App. Div. 730; *People ex rel. Coyle* v. *Truesdell,* 259 App. Div. 282; *People* v. *Reiss,* 255 App. Div. 509, affd. 280 N. Y. 539; *People* v. *Cahill,* 126 App. Div. 391, affd. 193 N. Y. 232.) *It follows, therefore, that defendant was not entitled to remain silent, even if, as he urges, he believed himself one of*

*the targets of the investigation rather than a mere witness.''* (Emphasis supplied.)

With respect to their second contention, appellants rely upon *Matter of Doyle* (257 N. Y. 244). There a joint legislative committee was investigating the administration and conduct of various departments of the City of New York. When Doyle was subpœnaed to appear and to testify before the committee he refused not only to answer questions put to him relating to the crime of bribing a public official where the bribe had actually been accepted, but also to answer questions relating to the crime of conspiracy to bribe. The Court of Appeals affirmed Doyle's adjudication of contempt based upon his refusal to answer questions relating to the crime of bribery where the bribe had been accepted — for there it was held that under section 381 of the Penal Law (as it then provided) immunity could be, and was, conferred for testimony given in a legislative committee investigation, but the Court of Appeals set aside so much of the order adjudging Doyle in contempt as was based upon his refusal to answer questions relating to the crime of conspiracy to bribe — for the court held that section 584 of the Penal Law relating to the crime of conspiracy (as it then provided) was so limited that immunity could not be conferred for testimony given in an investigation conducted by a legislative committee and that, in the absence of a grant of immunity, the witness was justified in refusing to answer such questions.

Upon a consideration of appellants' second contention, it is our opinion that it is unduly anticipatory in nature and, at the present stage of the proceedings, is academic. In refusing to answer the question put to each appellant, such refusal was not based upon any claim or assertion that the subject question was not pertinent or relevant to the inquiry which the Grand Jury was making into the crime of conspiracy. Nor does it appear that any such claim or assertion could have been made by either appellant. In fact, neither appellant, on this present appeal, asserts that the question put to him was in any way irrelevant to the Grand Jury's investigation into the crime of conspiracy to solicit legal business. In our view, the answer to the problem lies in the element of relevancy which must be present in the questions which the Grand Jury propounds, as well as in the answers which the witness makes. It has been held that where a Grand Jury conducts an investigation into crimes which permit the granting of statutory immunity and where such immunity is conferred upon a witness, he is protected against prosecution for any criminal act with which the *pertinent,* honest testimony given by him before the Grand Jury may tend to connect him,

whether the criminal act is or is not covered by the particular statutes governing the crimes being investigated and pursuant to which immunity could be, and was, conferred. (*Matter of Grand Jury of County of Kings [Nicastro-Chadeayne]*, 279 App. Div. 915, affd. 303 N. Y. 983, *supra*.) So, too, the same factor of materiality or relevancy is a necessary element on the matter of questions which a Grand Jury may put to a witness called to testify before it. Under paragraph 5 of subdivision A of section 750 of the Judiciary Law, a criminal contempt of court may be based upon the refusal of a witness, when sworn, to answer " any legal and proper interrogatory ". Thus, it has been held that a witness who has been subpœnaed to appear and testify before a Grand Jury cannot be compelled to give or produce evidence which is not material, relevant or proper to the inquiry; that such a witness may be punished for contempt only if it appears that the evidence sought of him was material and relevant; and where the witness asserts that the evidence which the Grand Jury seeks to obtain from him is irrelevant, the witness is entitled to a ruling by the court on the issue of relevancy. (*Matter of Spector v. Allen*, 281 N. Y. 251, 257–258.)

In the light of the foregoing discussion, it is our conclusion that there can be no valid objection to the practice complained of, so long as the questions put to the witness are relevant to the Grand Jury's inquiry into a crime for which there exists a statute authorizing the conferring of immunity, pursuant to which immunity has been conferred. If questions should hereafter be put to either appellant which are believed to be irrelevant to the inquiry into the crime of conspiracy, then will be the proper time for such appellant to object and have the issue of relevancy passed upon by the County Court.

Turning now to appellants' third contention, it will be recalled that this contention is to the effect that appellants were not informed that immunity had actually been conferred upon them by the Grand Jury, with the result that, in the absence of such advice to, and knowledge by, them, their refusal to testify provided no basis for criminal contempt.

A reading of the Grand Jury minutes discloses that after advising each appellant as to the nature and purpose of the Grand Jury's investigation and the nature of the inquiries about to be put to witnesses, each appellant was advised by the prosecutor as follows: " Q. The Grand Jury is also prepared, if you insist, to grant you immunity such as is permitted by law. You understand that? A. Yes I do." When each appellant then read his prepared statement whereunder he refused to testify, he was asked to step outside the Grand Jury room for a moment,

and, when he returned, the prosecutor asked the foreman of the Grand Jury to direct the witness to answer the sole question which had been put to him, i.e., "were you ever employed by the firm of ..................... of ......................, Kings County?" (The name of the law firm was apparently stated to each witness but is not contained in the record.)

It should be noted that in opposing the instant motion to punish for contempt, there was submitted only an affidavit by the experienced counsel for the appellants herein. In this affidavit, it is stated that these appellants refused to answer the aforesaid question "on advice of their counsel"; however, no claim was made to the effect that either appellant did not know that immunity had been conferred upon him. In fact, when the County Judge asked appellants' counsel, upon the argument of the motion to punish for contempt, whether these appellants would still pursue their position in opposing the motion to punish them for criminal contempt if they were sent back to the Grand Jury and they were formally advised by the foreman of the Grand Jury that immunity had been conferred upon them, their counsel answered the court's inquiry in the affirmative.

It seems clear that where a witness or a prospective defendant has been called before the Grand Jury and proper and legal questions have been put to him and immunity has been properly conferred upon him, it is necessary that said witness or defendant be advised of the fact that immunity has been conferred upon him in order that his further refusal to answer the particular question or questions may constitute a basis for contempt. This requirement of advising such witness or prospective defendant that immunity has actually been conferred upon him is not set forth and found within the specific provisions of section 2447 of the Penal Law. That section only requires that in order to obtain the broad immunity provided for therein, the party testifying before the Grand Jury must: (1) claim his privilege, (2) be directed to answer by the Grand Jury, and (3) testify. (*People* v. *De Feo,* 308 N. Y. 595, 602, *supra.*) However, this requirement of advising a witness or prospective defendant that immunity has actually been conferred upon him stems from the fact that punishment for a criminal contempt is a drastic remedy for willful wrong (*Matter of Spector* v. *Allen,* 281 N. Y. 251, 259, *supra*), and in order to establish willful misconduct it is necessary to show that the witness or prospective defendant had knowledge of the fact that immunity had been conferred upon him. There is good authority for the proposition that before a witness or prospective defendant may be adjudged in criminal contempt, it must be established that he was advised

of the fact that full immunity had actually been conferred upon him (*People* v. *Brayer,* 6 A D 2d 437).

In the proceeding at bar, appellants are attorneys who were advised and represented by counsel. As heretofore stated, each appellant was first informed by the prosecutor that if he (the appellant) insisted, the Grand Jury was prepared to grant immunity to him; each appellant, when he refused to answer the question, was then asked to leave the room, and, when he returned, the prosecutor requested the foreman of the Grand Jury to direct the witness to answer the question, and the foreman did so direct. It is our view that under all the circumstances here existing, each of these appellants was aware of the fact that by this direction to answer the question, immunity was being conferred upon him in accordance with the prosecutor's prior statement that the Grand Jury was prepared to grant said immunity. Our conclusion in this regard is fortified by the above-mentioned fact that no claim was made, in opposing the motion to hold these appellants in criminal contempt, that either appellant did not know that immunity had been conferred upon him, and it is also our opinion that when appellants' counsel answered the County Judge's above inquiry, these appellants, by their counsel, conceded that they had the required knowledge that immunity had been conferred upon them.

Upon a consideration of the entire record, we find no error in the determination made by the County Court. In our view, each appellant based his refusal to answer on invalid grounds and was properly found guilty of contempt. (*People* v. *Berson,* 308 N. Y. 918.) A person is not absolved of willful wrongdoing because he relied on his attorney's advice. (*People* v. *Marcus,* 261 N. Y. 268.) In the proceeding at bar, the intent to defy the dignity and authority of the Grand Jury on invalid grounds clearly appears (cf. *People* v. *Berson, supra*).

The order should be affirmed.

NOLAN, P. J., BELDOCK, CHRIST and PETTE, JJ., concur.

Order affirmed.