Chief Judge Desmond..
 

 In this contempt proceeding (Judiciary Law, § 750, subd. A, par. 5) appellants, who are attorneys, appeal from a unanimous order of the Appellate Division, Second Department, which affirmed an order of the Kings County Court finding them guilty of criminal contempt for
 
 *223
 
 refusal to answer questions before a Kings County Grand Jury.
 

 This Kings County Grand Jury was inquiring into alleged crimes of unlawful solicitation of legal business in Kings County and inquiring as to the existence in Kings County of any criminal conspiracy among attorneys and others, in violation of article 24 of the Penal Law. Each appellant was subpoenaed before the Grand Jury and each was separately sworn. Neither filed a waiver of immunity but each was told, after being sworn, that the Grand Jury was prepared to grant immunity to each of them pursuant to law. To each one of them, at the Grand Jury hearing, the District Attorney made a statement. The District Attorney told each that the Grand Jury was investigating these crimes particularly in the negligence field, and that it wished to find out whether any lawyers had committed the crime of conspiracy or other crimes in connection with ambulance chasing, solicitation of cases, etc. The District Attorney then told each of these appellants that the Grand Jury was investigating a certain law firm and wished to question these witnesses concerning their relations with the firm and their knowledge of its activities. The District Attorney further told each of them in the presence of the Grand Jury that he was not interested in either of them as an individual, that neither was a prospective defendant or a target of investigation but that each was simply being called as a witness by the Grand Jury in an investigation into activities of the law firm named. At the same time he told them that the Grand Jury was prepared to grant them immunity pursuant to law. The brief for appellants tells us, although it is not in the record, that each of these appellants is an attorney engaged primarily in negligence practice in Kings County and that the Grand Jury had actually been questioning witnesses concerning the activities of appellants as well as of the law firm under investigation with which, according to this brief, they were both associated. Be that as it may, each was asked whether he was ever employed by that named law firm and each refused to answer that question or any other question. Each appellant when so questioned stated that he was refusing to testify on the ground that he was a prospective defendant and thus could not, pursuant to the Constitution, be questioned, that to compel him. to testify would violate his constitutional rights and that his refusal to testify was on the
 
 *224
 
 further ground that the Grand Jury could not grant him immunity sufficiently broad to protect him against prosecution of all violations of the laws of New York. By that latter statement each defendant apparently meant that not all the crimes which the Grand Jury might be investigating were such that as to them the Grand Jury was empowered by statute to grant immunity and compel testimony.
 

 After each appellant had thus refused to answer he was asked to leave the Grand Jury room and in his absence the District Attorney requested the chairman of the Grand Jury to direct him to answer, then each appellant returned, was directed to testify, refused on the same grounds as before and was excused. In other words, each defendant refused to answer any question at all. He was thereafter adjudged guilty of criminal contempt.
 

 We see no legal basis for the position taken by appellants. When appellants were called to testify each had, of course, the right to raise the constitutional privilege. The Grand Jury then had to choose whether to let them exercise that privilege or to grant them immunity. Under section 584 of the Penal Law it had express statutory power to confer immunity since the investigation related to conspiracy. Following the procedure outlined by section 2447 of the Penal Law in such instances, the Grand Jury proceeded to offer these men immunity. Had either appellant then answered he would have obtained complete and total immunity against any prosecution as to matters disclosed by his testimony except, of course, for perjury or contempt
 
 (People
 
 v.
 
 De Feo,
 
 308 N. Y. 595, 604; see
 
 People
 
 v.
 
 Breslin,
 
 306 N. Y. 294, 296, and
 
 People ex rel. Coyle
 
 v.
 
 Truesdell,
 
 259 App. Div. 282, cited with approval in
 
 People
 
 v.
 
 Breslin).
 
 All this was confirmed by our very recent decision in
 
 People
 
 v.
 
 Riela
 
 (7 N Y 2d 571 [April 21, I960]). In
 
 People
 
 v.
 
 Riela
 
 we said (pp. 575-576) that “ a reading of section 2447 makes it manifest that the Grand Jury had unquestioned power to confer immunity upon Riela and direct him to answer under pain of prosecution for contempt.” As the Appellate Division pointed out in its opinion here, the resulting statutory immunity means that any incriminating matters disclosed
 
 “
 
 may not be resubmitted to another Grand Jury or otherwise received or considered against the immunized witness or prospective defendant upon any criminal prosecution in this State for any crime
 
 *225
 
 disclosed or revealed by the testimony of said immunized witness or prospective defendant.” As we said in
 
 People
 
 v.
 
 Breslin {supra,
 
 p. 297): “It follows, therefore, that defendant was not entitled to remain silent, even if, as he urges, he believed himself one of the targets of the investigation rather than a mere witness. ’ ’ These cases make it clear that the immunity thus granted covers crimes disclosed by the testimony but as to which there is no specific immunity statute.
 

 Matter of Doyle
 
 (257 N. Y. 244), relied on by appellants, dealt with a situation where under the then existing statutes complete immunity could not be granted.
 

 People
 
 v.
 
 Steuding
 
 (6NY 2d 214) does not help appellants. The
 
 Steuding
 
 holding was that the calling and examining before a Grand Jury of a prospective defendant or one who is a target violates his constitutionally conferred privilege against self incrimination notwithstanding his failure to claim or assert the privilege. In other words this was the familiar
 
 People
 
 v.
 
 Gillette
 
 (126 App. Div. 665) situation. In the
 
 Steuding
 
 case a prospective defendant was accorded the full constitutional immunity regardless of the failure to follow section 2447 procedures.
 
 Steuding
 
 held that section 2447 could not constitutionally be interpreted to mean that a prospective defendant subpoenaed before a Grand Jury loses his constitutional immunity by failing to invoke it. That has nothing to do with the present case. These defendants did invoke the privilege. Then under section 2447 the Grand Jury tendered them immunity but they still continued to refuse to answer. They now argue that they were never informed that they were being granted complete immunity. Actually, it is undisputed and found in the record that before they were adjudged in contempt the County Judge not only informed them that they were being given complete immunity but gave them an opportunity to purge themselves of the contempt by going back before the Grand Jury and testifying. The affirmance by the Appellate Division of this contempt adjudication constitutes an affirmance of the finding made by the County Judge that they had knowledge that they were being tendered complete immunity.
 

 In another point of their brief, appellants say that they could not be compelled to testify under these circumstances because the Grand Jury was investigating crimes (such as solicitation of
 
 *226
 
 law business) which are not among the crimes as to which the Penal Law authorizes an express grant of immunity. The answer to that is that under the authorities above cited appellants would have gotten complete immunity as to any and all crimes to which their testimony related. The same answer runs to the contention that they were not sufficiently protected since they might be misled into giving evidence as to crimes for which the Penal Law does not expressly authorize the conferring of immunity.
 

 The order should be affirmed.
 

 Judges Dye, Fuld, Froessel, Van Voorhis, Burke and Foster concur.
 

 Order affirmed.