■ In the Matter of ADDITIONAL JANUARY 1979 GRAND JURY OF THE ALBANY SUPREME COURT, Respondent, v JANE DOE, Appellant. — Appeal from an order of the Supreme Court at Special Term (Walsh, Jr., J.), entered January 2, 1981 in Albany County, which adjudged respondent guilty of criminal contempt of court and directed that she be imprisoned for a period of 30 days. It appears from the record that on October 16, 1980, respondent was testifying before the Grand Jury when she was excused so that another witness could be questioned. Upon her return to the witness stand, respondent was asked a question and responded that before answering she wanted to read a statement on the advice of counsel. When denied permission to read the statement, respondent stated that she could not answer any further questions on the advice of counsel and then left the Grand Jury proceedings. Following a hearing, it was concluded that respondent's conduct was in violation of subdivisions 3 and 5 of section 750 of the Judiciary Law and she was adjudged guilty of criminal contempt of court. This court granted respondent's motion for a stay of the order pending appeal upon condition respondent appear before the Grand Jury on a scheduled date of January 15, 1981 and that she testify candidly and forthrightly. Concededly, respondent appeared and testified before the Grand Jury on January 15, 1981, January 27, 1981, March 19, 1981 and May 28, 1981. Initially, respondent maintains that petitioner failed to prove that she disobeyed a lawful mandate of a court. This argument is based on the theory that the Special Prosecutor precluded the possibility of obtaining a court mandate directing respondent to answer by refusing to obtain a ruling on the relevance of the questions respondent objected to. We disagree. Respondent made no objection to the relevance of the questions asked her. The Special Prosecutor, on the present record, did not improperly deny respondent's request to read a statement and upon this denial respondent voiced no objections to the relevancy of any questions nor did she claim that she was too ill to continue. She simply left the proceedings stating that she would not answer any further questions on the advice of counsel. A witness before the Grand Jury may be adjudged guilty of criminal contempt for refusing to answer proper questions in reliance on the advice of counsel (see *People v Dercole,* 72 AD2d 318, app dsmd 52 NY2d 956; *Matter of Second Additional Grand Jury of County of Kings [Cioffi],* 10 AD2d 425, affd 8 NY2d 220). Since respondent's only excuse offered at the time she left the proceedings was that she was relying on the advice of counsel and since the question last asked of respondent appears on the present record to have been sufficiently relevant (see *Matter of Spector v Allen,* 281 NY 251), we are of the view that the court was correct in adjudging respondent guilty of criminal contempt. Upon finding respondent guilty of criminal contempt, the court refused to allow her to purge herself of the contempt. As a general rule, a contemnor will be allowed to purge the contempt by performing the act required, or by undoing the act constituting the contempt (see *People v Leone,* 44 NY2d 315; *People ex rel. Valenti v McCloskey,* 6 NY2d 390, 399, app dsmd 361 US 534; *Matter of Silverstein v Aldrich,* 76 AD2d 911). After careful consideration of the record in the present case, we are of the opinion that respondent should have been granted permission to purge herself of the contempt and further conclude that by appearing and testifying before the Grand Jury after the contempt order was entered

respondent has purged herself of the contempt (see *Matter of Ferrara v Hynes,* 63 AD2d 675). Consequently, the order must be reversed and the adjudication vacated. Order reversed, on the law and the facts, and adjudication of contempt vacated, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.