FIREMEN'S MUTUAL BENEVOLENT ASSOCIATION OF THE CITY OF NEW YORK, Respondent, *v.* JAMES D. CLIFFORD, Appellant.

First Department, May 19, 1922.

Contempt — defendant, in action in replevin, adjudged in contempt for failure to comply with order directing him to deposit certain Liberty bonds with clerk of court — defendant entitled to have order vacated after bonds were deposited.

The defendant, who was adjudged guilty of contempt for failing to comply with an order granted in an action in replevin directing him to deposit certain Liberty bonds with the clerk of the court, is entitled to have vacated the order adjudging him guilty of contempt where, after it was granted, he deposited the bonds with the clerk as directed; vacating the contempt order would not entitle the defendant to a return of the bonds.

MERRELL, J., dissents, with opinion.

APPEAL by the defendant, James D. Clifford, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 31st day of December, 1921, denying his motion to vacate an order entered in the office of the clerk of the county of New York on the 9th day of November, 1921, adjudging said defendant in contempt of court and punishing him accordingly for refusing to obey an order entered in said clerk's office on the 17th day of May, 1921, requiring him to deposit certain Liberty bonds, and defendant gives notice of intention to bring up for review said last-mentioned order.

*Richard E. Walsh,* for the appellant.

*Joseph A. McNamara,* for the respondent.

LAUGHLIN, J.:

On the 9th of November, 1921, the court made an order granting plaintiff's motion on notice to the defendant to have him adjudged in contempt for failing to obey the order of May 17, 1921, requiring

him to deliver the bonds to the clerk of the court, and it was ordered that he be committed to the county jail until he complied with the order, and that a warrant for such commitment issue unless within two days after the service of a copy of the order on his attorney he deposited the bonds as required by the order of May seventeenth. An affidavit made by the defendant was presented in opposition to the motion for the order adjudging him in contempt and in it he states in substance that the plaintiff for a good and sufficient consideration sold, assigned and transferred the bonds to him and that he in good faith, and believing his title was unassailable, prior to the commencement of this action, exercised his right as such owner and assigned and transferred the bonds and parted with possession thereof and was, therefore, unable to comply with the order of May seventeenth; that he has a good defense to the action, and took an appeal from the order of May seventeenth, which is pending and undetermined.    (See 201 App. Div. 315.)    The defendant did not appeal from the order adjudging him in contempt, but to avoid the issue of a warrant for his arrest thereunder he induced his wife, to whom he claims to have given the bonds, to consent to have the bonds deposited with the clerk of the court, and she accompanied him to the clerk's office and delivered them to the clerk for that purpose. The defendant thereafter, on the 23d day of November, 1921, obtained an order to show cause why the order adjudging him in contempt should not be vacated.    He also prayed generally for other and further relief, but that is the only specific relief demanded, or, so far as appears, asked for on the motion.    The defendant thus, in effect, acquiesced in that part of the contempt order which required a compliance with the order of May seventeenth, and by the co-operation of his wife he was enabled to comply therewith; and by the motion he sought to have the adjudication adjudging him in contempt vacated.    I am of opinion that the motion should have been granted, for regardless of the merits of his appeal from the order of May seventeenth, he had complied therewith under duress of the contempt order and the object of the motion to have him adjudicated in contempt had been accomplished.    If the order adjudging him in contempt had been vacated, that would not have entitled him or his wife to a return of the bonds.    He would only be entitled to that relief if successful on his appeal from the order requiring that they be delivered to the clerk.

The order should, therefore, be reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.

DOWLING, SMITH and GREENBAUM, JJ., concur; MERRELL, J., dissents.

MERRELL, J. (dissenting):

The action is in replevin to obtain possession of twelve Liberty bonds claimed to be the property of the plaintiff, and which the plaintiff alleges are wrongfully detained by the defendant. On May 17, 1921, at a Special Term of the Supreme Court, Part I, held in and for the county of New York, an order was granted requiring the defendant, pursuant to section 717 of the Code of Civil Procedure, to deposit with the New York county clerk, within fifteen days after the service of said order with notice of entry thereof, subject to the further direction of the court, the twelve Liberty bonds particularly described in said order, and which are the subject of this action. The defendant refused to comply with said order, and on November 9, 1921, an order was granted by the Special Term adjudging the defendant guilty of willful contempt of court in having knowingly and willfully disobeyed the said order of this court made and entered herein on the said 17th day of May, 1921, and which required the deposit, within fifteen days from the date of the service of said order with notice of entry thereof, with the clerk of this court pending the determination of the action, the said twelve Liberty bonds, and in and by said order of November 9, 1921, the said defendant was ordered committed by the sheriff of the said county of New York to the county jail in said county, to be there detained until the said defendant should comply with the provisions of said order of May 17, 1921, and deposit or cause to be deposited with said clerk the bonds mentioned in said order.

The defendant claims to have complied with said order of November ninth, and to have deposited with the county clerk the bonds in question as directed by the order of May 17, 1921. Alleging compliance with said order, the defendant then applied for an order vacating the order of the Special Term of November 9, 1921, adjudging him to be in contempt of court. This application, coming on to be heard, was denied by the order appealed from. Upon the hearing of the application to vacate the order adjudging the defendant in contempt of court, the defendant claimed that he had complied with the order for the deposit of said bonds, and that, therefore, the order which had adjudged him in contempt should be vacated. It was disputed by the plaintiff that the defendant had complied with said order, the plaintiff claiming that the bonds had been delivered minus certain coupons, which had been removed therefrom by the defendant while said bonds were in his possession or under his control. The learned justice presiding at the Special Term thereupon offered to hear the parties as to whether or not the defendant had, in fact, complied with the order of May 17,

1921, and as to whether he should be purged of his contempt, and offered to hear arguments upon the merits, but the defendant refused to discuss the same and insisted that the order adjudging him in contempt should be vacated.

I think the court very properly denied defendant's application to vacate. It was a disputed question as to whether or not the defendant had, in fact, purged himself of his contempt of the order requiring the deposit of said bonds. No appeal was taken by the defendant from the order of the Special Term adjudging him in contempt. Instead, he moved to vacate said order upon the ground that he had obeyed the order of May 17, 1921, and he has appealed from the order of the Special Term denying his application to vacate the contempt order. Under such circumstances, the court could do nothing but deny the application to vacate, leaving the defendant to make a proper application to be purged of his contempt.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.