ARCHIBALD McNEIL, JR., Respondent, *v.* MONROE M. GOLD-STEIN, Appellant.

First Department, December 20, 1932.

*Samuel Gottlieb* of counsel [*Bushel & Gottlieb*, attorneys], for the appellant.

*Alvin R. Cowan* of counsel [*Harold M. Phillips*, attorney], for the respondent.

O'MALLEY, J. As originally instituted the action sought to recover upon two of a series of three promissory notes made and delivered by the defendant to the plaintiff pursuant to a written contract for the purchase of real estate in the State of Florida. The contract, made August 21, 1925, provided for a purchase price of $50,000, $15,000 of which was paid in cash upon the execution of the agreement, the balance being secured by three promissory notes, each in the sum of $11,666.67, due respectively in one, two and three years after the date of the agreement. It is conceded that the law day was the maturity date of the last note, August 21, 1928.

The agreement provided that if the defendant should first make the payments called for and perform his covenants under the agreement, the plaintiff would convey to him or his assigns the real estate in question, in fee simple, free of all incumbrances. It was further provided that when the defendant made the last payment, plaintiff would furnish him a policy of title insurance; and the agreement further provided that the property covered therein was "to be developed along lines and in the manner set forth" by a development corporation.

The action as originally commenced was begun April 18, 1928, prior to the law day, as conceded, and prior to the date of maturity of the third note.

In addition to denials, defendant's answer pleaded certain defenses, two of which were pleaded in the answer as served. The first was to the effect that defendant had been induced to enter into the contract and to make, execute and deliver the notes upon false and fraudulent representations to the effect that other property was to be developed within a reasonable time so as to enhance the property in question; that such representations and warranties. which were not true and which did not eventuate, formed the principal part of the consideration and that by reason of the premises there was a failure of consideration. The second defense was predicated upon the Statute of Frauds.

At the opening of the trial defendant was given leave to plead a third defense, also alleged by way of counterclaim, which is the one most material to this appeal. This was to the effect that at all the times mentioned in the complaint, plaintiff never had acquired, and did not then have title to the property; that the plaintiff was under contract to purchase from a development corporation which itself never had title, but merely a contract for its purchase; that both the development corporation and the plaintiff defaulted under their respective contracts of purchase and were not in a position to acquire title to the property; that plaintiff never had been ready, able and willing and was not ready, able and willing to perform the terms and conditions of the agreement on his part, and was not in a position to convey or make tender of title, and that under the law of Florida, the covenants in the agreement between the parties hereto were dependent covenants and the seller may not recover the purchase price where it appears that he is unable and will be unable to convey the property contracted to be sold; that under the law of Florida, and in view of plaintiff's inability to convey, he is not entitled to recover, and the defendant is entitled to a return of the consideration already paid.

Upon the trial evidence proffered by the defendant in support of this third defense and counterclaim was excluded. Under the original pleadings such exclusion in our opinion was proper. The covenants to convey and to pay the first two notes were independent. " It is a rule of construction that if a day be appointed for the payment of money, and that day is to arrive, or may arrive before the time when the consideration for money is to be performed, the performance of the consideration is not a condition precedent to the right to recover the money." (*Clark* v. *West*, 137 App. Div. 23, 29; affd., 201 N. Y. 569.)

After judgment rendered in favor of the plaintiff on these first two notes, which judgment appears to us to have been proper, an action on the third note was commenced *after* August 21, 1928, the

law day. Thereafter the judgment roll and case on appeal were amended by stipulation between the parties. This stipulation and the order entered thereon amended the complaint so as to include a cause of action on the third and final note representing the last payment of the purchase price; and it was further stipulated and ordered that the evidence offered and received upon the trial of the first two notes should be deemed to have been offered and received with respect to the third note, as if the third cause of action had been originally before the court upon the trial and the evidence offered and received and rulings made thereto at such time.

Upon the argument respondent's counsel conceded that the judgment in so far as it included a recovery upon the third note may not be sustained, for the reason that the action upon the third note was not commenced until after the law day had passed. He seeks, however, to sustain the judgment in so far as it includes recovery upon the first two notes. We are of opinion that such a disposition cannot be justified.

The stipulation and order, it seems to us, materially changed the situation between the parties. Its effect was to place the plaintiff in the position of not having commenced his action until the maturity date of the third and final purchase-money note. The independent obligations to pay and to convey then became dependent. (*Kennelly, Inc.,* v. *Shapiro,* 222 App. Div. 488; affd., 250 N. Y. 523.) The action became in effect one brought for the purchase price. It was incumbent upon the plaintiff, therefore, to show that at least he was ready, able and willing to perform his part of the contract (*Kennelly, Inc.,* v. *Shapiro, supra*) before he could mulct the defendant. Under the stipulation and order, therefore, evidence with respect to the third defense and counterclaim was improperly excluded and defendant should have been permitted to offer proof in support thereof. No claim is made that planitiff was overreached by the stipulation and order predicated thereon, nor is any relief asked with respect thereto by such party.

It follows, therefore, that the judgment appealed from should be reversed and a new trial ordered, with costs to the appellant to abide the event.

FINCH, P. J., MARTIN, SHERMAN and TOWNLEY, JJ., concur.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.