MILLIE SERAFINI, as Administratrix, etc., of JOHN B. SERAFINI, Deceased, Respondent, v. LEON HARRIS, Appellant.— Motion for leave to appeal to the Court of Appeals denied. Stay continued until the granting or final refusal by the Court of Appeals of leave to appeal. Present — Lazansky, P. J., Young, Hagarty, Davis and Johnston, JJ.

FRANCES THOMPSON, Respondent, v. BROOKLYN AND QUEENS TRANSIT CORPORATION, Appellant, and THE CITY OF NEW YORK, Defendant.— Motion for reargument denied. Present — Lazansky, P. J., Young, Hagarty, Davis and Johnston, JJ.

KATE TULCHINSKY, Plaintiff, v. PUBLIC SERVICE MUTUAL CASUALTY INSURANCE CORPORATION, Defendant.—Motion for leave to appeal to' the Court of Appeals denied. Stay continued until the granting or final refusal by the Court of Appeals of leave to appeal. Present — Lazansky, P. J., Young, Hagarty, Davis and Johnston, JJ.

LILLY W. WHITSON, Respondent, v. LINDELL T. BATES, Appellant.— Motion to dismiss the appeal denied, with leave to renew at the January, 1936, term if in the meantime the defendant has not applied to the Special Term to be relieved of the admission of service and the consent that the judgment be entered. The remedy of the defendant, if such consent was entered into by mistake or inadvertence, is to apply at Special Term to be relieved from the terms thereof, which will be granted or refused as a matter of discretion. As the case stands, the remedy is not by appeal. Present — Lazansky, P. J., Young, Hagarty, Davis and Johnston, JJ.

LYLE BOULWARE, Respondent, v. HARRY ROOSJE, Appellant.— The action is to recover the past due installments under a contract for the sale of real property between plaintiff's assignor as vendor and the defendant as vendee. Judgment of the County Court of Orange county in favor of plaintiff unanimously affirmed, with costs. The action to enforce collection of these past due installments was instituted prior to the law day fixed in the contract. The covenants of the parties were independent and, therefore, the want of title in the vendor at the time the action was instituted was not a bar to such an action. A different rule would apply if the action were not begun until after the law day; then the independent covenants would become dependent. But that is not the situation here. (McNeil v. Goldstein, 237 App. Div. 129, 131; Martin v. Bauer, 138 id. 57; Harrington v. Higgins, 17 Wend. 376; Robb v. Montgomery, 20 Johns. 15.) Present — Lazansky, P. J., Carswell, Tompkins, Davis and Johnston, JJ.