THEODORE J. SERVISS, as Trustee in Bankruptcy of PATRICK TORINO, Also Known as PASQUALINO IOVINO, Appellant, v. PATRICK TORINO, etc., and Another, Defendants, and LENA TORINO, Respondent.  SINCLAIR REFINING COMPANY, Plaintiff, v. TRI-BORO CHARCOAL CO., INC., and Others, Defendants.— Order denying plaintiff's motion to punish defendant Lena Torino for contempt for failure to comply with the provisions of a final judgment in a judgment creditor's action reversed on the law and the facts, with ten dollars costs and disbursements, and, in the exercise of discretion, the motion is granted, with ten dollars costs, to the extent of directing that said defendant pay over to the trustee in bankruptcy the value of a certain automobile in the amount (to be fixed in the order) for which the car was sold, to be credited on the judgment, and in default of which payment, within five days after the entry and service of the order hereon, she stands committed.  The provision in the judgment directing the payment over of $1,960.99, the proceeds of certain promissory notes, may not be made the subject of enforcement by proceedings in contempt.  It was not established that these moneys

were in a specific or earmarked fund or that they were held in a trust relationship. The enforcement of this provision, therefore, may only be had by execution. (*McNeil* v. *Goldstein*, 237 App. Div. 129; *Nelson* v. *Hirsch*, 264 N. Y. 316, 318; *Polo* v. *Stern*, 249 App. Div. 638.) The direction, however, to turn over the Studebaker car is enforcible by contempt. The fact that defendant Lena Torino has willfully disabled herself to comply is no excuse. She should be permitted, however, to purge herself in respect of this item by paying over the value of the car, in lieu thereof, in the amount for which the car was sold. Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ., concur. Settle order on notice.