James S. Brown, Jr., J.
Defendant by this application seeks to set aside and vacate a judgment entered against him on consent. He also prays that upon such vacatur he be allowed to file an *128 answer and have a hearing on the merits. He requests that upon such a hearing plaintiff’s motion for an injunction be denied on the grounds that defendant had a good defense to the action but that his consent to the entry of judgment was obtained through duress and misrepresentation at a time when he was not represented by counsel.
The action upon which the judgment was predicated was for an injunction to restrain the defendant, a former employee of the plaintiff corporation, from soliciting the trade of the plaintiff or in engaging directly or indirectly in a similar business as restricted by an employment contract previously entered into by the parties hereto. The defendant after being personally served with the summons and complaint and with the motion papers on an application for an injunction pendente lite appeared in court on July 5, 1961, the return date of the order to show cause, and applied for and received from the court an adjournment on the ground that his attorney was out of town. Defendant appeared in person on the adjourned date and advised counsel for plaintiff that he would consent to the granting of plaintiff’s application. A stipulation was thereupon executed by defendant and plaintiff’s granting the injunction applied for. The Clerk of the court was informed of the disposition of the matter and the calendar appropriately marked. Thereafter on or about July 11, 1961 counsel for plaintiff was informed by its chairman of the board, a brother-in-law of the defendant, that the defendant was willing to consent to the entry of a final judgment in the action provided he was released from all costs. Such a judgment and consent was then drafted and after it was approved by the defendant, it was duly executed by the defendant and judgment duly entered. The judgment restrained and restricted the actions and employment of the defendant for a period of five years.
Defendant in his attempt to vacate this judgment charges that the chairman of the board with whom he had negotiated the settlement of this action is married to defendant’s sister and threatened to cause her trouble, that the plaintiff’s chairman of the board also told defendant that the court would enforce restricted covenants embodied in the employment agreement and enter a judgment against him for a large sum of money unless the defendant consented to the entry of the judgment. Defendant also alleges that he has been informed and believes that the restricted covenant sued upon is void as against public policy and unenforcible and that he has a meritorious defense and should be allowed to defend the action. All of the claims made by the defendant are emphatically controverted in the opposing *129 affidavits excepting plaintiff’s board chairman admits advising plaintiff that he believed that the plaintiff corporation would be successful in its suit and that if the matter went to trial and the verdict went against the defendant he, the defendant, would be subject to payment of costs. Defendant’s lengthy affidavits and briefs, devoted as they are almost in toto to a discussion of the merits of the plaintiff’s cause of action and his own purported defense thereto, are insufficient to warrant the relief prayed for.
While as a general rule a consent judgment may be vacated on a petition ot; motion (Fred Medart Mfg. Co. v. Rafferty, 243 App. Div. 632) addressed to the court which entered it (Whitson v. Bates, 246 App. Div. 726) on grounds of collusion or fraud as where defendant was tricked or misled by false representations, it may not be set aside on this ground where the facts fail to disclose fraud of a remedial character (Evans v. Stein, 59 N. Y. S. 2d 544 [second case], affd. 269 App. Div. 1052, motion for leave to appeal denied 270 App. Div. 810). In order to prevail the defendant must prove that there was fraud in the very means by which the judgment was procured. A showing of fraud in the underlying transaction which is the basis of the judgment or a mere assertion on defendant’s part that the judgment was unfounded is insufficient (Fuhrmann v. Fanroth, 254 N. Y. 479; see, also, 7 Carmody-Wait, New York Practice, p. 377). A judgment by consent will not be opened or vacated in the absence of adequate grounds therefor and where the court rendering the judgment had jurisdiction of both the parties and the general subject matter of the action no objection to the merits is reviewable on motion to vacate a consent judgment. Generally speaking, a judgment by consent will not be opened or vacated in the absence of fraud or mistake or want of consent in fact. A consent judgment may not be set aside on such grounds as the applicant made a bad bargain; erroneous advice of counsel; the existence of a legal defense which might have been pleaded in the action; misconduct or negligence of party’s attorney unmixed with collusion or fraud of the other party; failure of a party to employ counsel or file an answer (49 C. J. S., Judgments, § 330). As stated by the court in Stilwell v. Carpenter (59 N. Y. 414, 423): “ It is not sufficient to authorize the interference of the court that it is shown that the claim upon which the judgment was obtained was unfounded, or that there was a good defence to the action, or that the court erroneously decided the law, or that the defendant omitted to avail himself of his defence, if before the judgment was rendered the facts were known, or might by the exercise of reasonable diligence have been ascertained by him. It is the duty of a defendant to make his defence, *130 if he has any, when he is sued, and if he omits to do it, he is in general concluded by the judgment.”
The record is barren of any proof, other than defendant’s conclusory statements, that defendant’s consent was induced by fraud, duress or misrepresentation and does not provide a sufficient foundation upon which to base the drastic relief of vacating and setting aside an existing judgment of this court. Motion denied.