■ In the Matter of FRANK FERRARA, Appellant, v CHARLES J. HYNES, as Deputy Attorney-General, Respondent.—Appeal by petitioner from an order of the County Court, Nassau County, dated October 18, 1977, which adjudged him guilty of contempt of court for failure to appear before a Grand Jury and sentenced him to 20 days' imprisonment. Order reversed, on the law and the facts, without costs or disbursements, and adjudication vacated. In our opinion, the County Court was correct in holding appellant in contempt on September 30, 1977 for his failure to comply with its direction of September 26, 1977 to appear and testify before the Grand Jury later that day pursuant to a validly issued subpoena. However, the law is settled that a contemnor will generally be allowed to purge the contempt by performing the act required, or by undoing or reversing the acts constituting the contempt (see *People v Leone,* 44 NY2d 315; *People ex rel. Valenti v McCloskey,* 6 NY2d 390, 399; 17 CJS, Contempt, § 106). In the instant case, the record reveals that appellant had testified before the same Grand Jury on two prior occasions with respect to the subject investigation. Although appellant failed to appear before the Grand Jury on September 26 as directed, he did advise the court that he was too emotionally upset to testify on that day and that if he had more time to compose himself, he would return at a later date. Furthermore, his attorney unsuccessfully moved to adjourn the case until October 4 so that he could discuss the problems with his client under less oppressive conditions. On September 30, 1977, at the conclusion of the contempt hearing and before the County Court's adjudication holding appellant in contempt and directing that he appear before the Grand Jury on October 17, appellant's counsel stated that his client was then able to go before the Grand Jury, although he had been unable to do so on September 26 for physical reasons. Moreover, on October 17, when appellant appeared before this court on his motion to stay all proceedings against him pending appeal from an order denying his motion to quash the subpoena, he assured this court that he would appear and testify before the Grand Jury later that day; he did, in fact, appear and testify. In view of the above facts and mitigating circumstances, we are constrained to hold that appellant, by appearing and testifying before the Grand Jury on October 17, 1977, has fully, albeit belatedly, complied with the subpoena and has thus purged himself of the contempt (see *Serviss v Torino,* 263 App Div 722; *Firemen's Mut. Benevolent Assn. of City of N. Y. v Clifford,* 201 App Div 322; *Matter of O'Leary,* 50 NYS2d 556, app dsmd *sub nom. Matter of*

*Costello [O'Leary],* 268 App Div 223; cf. *People v Leone,* 44 NY2d 315, *supra).* Titone, J. P., Suozzi, Shapiro and O'Connor, JJ., concur.