■ In the Matter of FRANK SILVERSTEIN, Petitioner, v RAYMOND E. ALDRICH, as Justice of the County Court of the County of Dutchess, et al., Respondents.—Proceeding pursuant to CPLR article 78 to prohibit respondent Aldrich, a Judge of the County Court, from enforcing an order of commitment of the petitioner on a summary adjudication of contempt and to vacate said order. Petition granted, on the law, without costs or disbursements, and order of commitment vacated. During the course of a trial entitled *People v Karabinas,* petitioner, an attorney at law, was served with a subpoena duces tecum requiring him to produce a letter written by his client, the defendant, to one D. Carolyn Simmons. The subpoena permitted the letter to be deposited with the clerk of the court "in lieu of personal appearance". On the return date, petitioner served an order to show cause seeking to quash the subpoena on the ground that delivery of the letter— which he had retrieved from Ms. Simmons on his client's behalf some 10 months earlier—would violate the client's Fifth Amendment and attorney-client privileges. After due deliberation, the court rejected the argument and directed that petitioner produce the letter upon the request of the People "when Carolyn Simmons testifies she received a letter from the defendant on or about May 21 through May 30, 1979." On March 19, 1980, during the testimony of Ms. Simmons, the court directed petitioner to comply with its order. Petitioner declined. The court proceeded summarily to find petitioner in criminal contempt pursuant to section 750 (subd A, par 3) of the Judiciary Law ("Wilful disobedience to [the] lawful mandate [of a court of record]"). Thereafter, the court gave the petitioner a chance to purge his contempt by producing the letter. The court initially refused to stay execution of the sentence, but when petitioner produced the letter and placed it in an envelope sealed in the presence of the court and the District Attorney, a stay was granted until 10:00 A.M. on March 20, 1980. The court stated on the record that the letter would be seen and reviewed at 10:00 A.M. on March 20 and added, "Quite naturally the letter, in order to be admissible, must survive the usual grounds of admissibility as every other

piece of evidence". The instant proceeding was commenced sometime prior to 10:00 A.M. on March 20 by service of an order to show cause upon the Attorney-General. The order granted a stay of execution of the "adjudication and commitment" pending a determination of the proceeding by this court. It appears that a single allegation in the petition, number "8" resulted in most of the confusion in this matter. That allegation stated that petitioner "offered, and the Court agreed, to hold the letter *in escrow* until 10:00 a.m. March 20, 1980." (Emphasis supplied.) On the morning of March 20 a lengthy discussion of the matter, on the record, ensued in the chambers of the Trial Judge. During that discussion, the Judge stated his belief that the letter had been delivered unconditionally and not in escrow. However, the court was concerned that the institution of this proceeding, with the allegation that the letter had been delivered in escrow, precluded him from turning the letter over to the People until the propriety of his original order was passed upon by this court. The question of conditional delivery was resolved by this court's decision dated March 25, 1980 when we stated that the question of turning over the letter for use by the People was a question for the trial court. In so stating, we decided that there had not been an escrow delivery and that the admissibility of the letter was to be decided under the general rules of evidence. In response to our directive, the trial court permitted the letter to be used in evidence by the People, and ruled that the delivery had been in compliance with its original order. As we have noted, "the law is settled that a contemnor will be allowed to purge the contempt by performing the act required, or by undoing or reversing the acts constituting the contempt" *(Matter of Ferrara v Hynes,* 63 AD2d 675). Under the circumstances of this case, it is clear that petitioner's delivery of the letter on March 19, 1980 constituted a full compliance with the original subpoena, and, accordingly, there has been a purge of the contempt by performance of the condition set by the court. Hopkins, J. P., Damiani, Lazer and Cohalan, JJ., concur.