OPINION OF THE COURT
John F. Lawton, J.
A CPLR article 78 proceeding was brought by petitioner herein to review the respondent’s determination which denied petitioner consideration of good time credit.
The facts in this matter are that on January 3, 1985, petitioner, Patricia Sanford Trice, wás found in civil contempt of court, pursuant to Judiciary Law § 750 (A) (5) and was directed to be imprisoned in the Onondaga County Correctional Facility for a term of 30 days and fined $250. The parties hereto have stipulated to this court that though there has been a finding of civil contempt, in actuality petitioner Trice was found in criminal contempt of court pursuant to Judiciary Law § 750 (A) (5); §§ 751, 755.
Pursuant to this adjudication of criminal contempt, petitioner was transported to the Onondaga County Correctional Facility on January 3,1985. Petitioner has requested from respondent to be considered for good time allowance pursuant to Correction Law § 804. Respondent has denied petitioner’s request on the ground that she is not entitled to consideration of good time allowance under an adjudication of criminal contempt.
Petitioner herein asserts that Judge Cunningham’s sentence is for a definite term, to wit, 30 days, and, therefore, she is *290 entitled to consideration of good time allowance pursuant to Correction Law § 804. Respondent asserts that the petitioner has not received a definite sentence within the meaning of Correction Law § 804, but rather has been committed to the facility for criminal contempt. Therefore, respondent asserts petitioner is not entitled to consideration for good time allowance.
Correction Law § 804 (1) provides in part that: “Every person confined in an institution serving a definite sentence of imprisonment may receive time allowances as discretionary reductions of the term of his sentence not to exceed in the aggregate one-third of the term imposed by the court.” The sole question which has been presented to this court is whether the aforesaid section is applicable to petitioner’s imprisonment based on her being adjudicated in criminal contempt of court. Analyzing first Correction Law § 804, the keystone phrase for the parties’ contentions is “definite sentence”. A “[sjentence” is defined by CPL 1.20 to mean “the imposition and entry of sentence upon a conviction.” Further, a “[c]onviction” is defined pursuant to CPL 1.20 (13) to mean “the entry of a plea of guilty to, or a verdict of guilty upon, an accusatory instrument other than a felony complaint, or to one or more counts of sdch instrument.” In reviewing the applicable sections of the Judiciary Law, the language contained therein provides that one is “punished” for a criminal contempt and thereafter “committed” or “imprisoned” rather than being convicted and sentenced for a crime with its attendant rights and formalities. Indeed, the court’s power to punish for criminal contempt is clearly not based upon accusatory instruments, but rather exists to uphold and vindicate the authority mandates and decorum of an individual court (People v Paperno, 98 Misc 2d 99 [1979]). Further, as in the case at bar, it may be determined summarily when the contempt is committed in the immediate view and presence of the court (Judiciary Law §§ 751, 755). Thus, from the applicable statutes, it appears that petitioner’s punishment for criminal contempt would not be a sentence for purposes of Correction Law § 804.
More importantly, it is the opinion of this court that this commitment is not for a “definite” term. Though Judge Cunningham’s order specifies that the petitioner is to be imprisoned for a period of 30 days, this term is but a maximum, for petitioner’s punishment is ongoing in nature based on her unwillingness to testify and may be purged upon her determination to comply with the directives of the court. Petitioner’s criminal contempt citation is remedial and coercive in nature and attempts to force petitioner to do what she has refused to do, *291 to wit, testify and answer to legal and proper interrogatories (People ex rel. Valenti v McCloskey, 6 NY2d 390 [1959]). Unlike a conviction for criminal contempt pursuant to Penal Law § 215.50, which may not be purged by subsequent testimony by a recalcitrant witness an adjudication of criminal contempt pursuant to Judiciary Law § 750 (A) (5) may be purged and the defendant “ ‘ “holds the key to his freedom” ’ ” (People v Leone, 44 NY2d 315, 318 [1978], citing People ex rel. Valenti v McCloskey, supra, at p 399; see also, People v Colombo, 29 NY2d 1 [1971]; Matter of Ferrara v Hynes, 63 AD2d 675 [2d Dept 1978]). Further, petitioner has additionally asserted that as Judge Cunningham’s order does not provide that petitioner’s criminal contempt may be purged by testifying that she does not hold the key to her own freedom. This court cannot agree with this assertion, for under these circumstances “the law is settled [and] a contemnor will *** be allowed to purge the contempt by performing the act required, or by undoing or reversing the acts constituting the contempt” (Matter of Ferrara v Hynes, supra, at p 675; see also, Matter of Silverstein v Aldrich, 76 AD2d 911 [2d Dept 1980]). Additionally, nothing is contained in Judge Cunningham’s order which indicates that petitioner may not purge herself of contempt by testifying, nor has petitioner asserted herein her willingness to testify and Judge Cunningham’s refusal to allow her to purge herself of this contempt citation requiring appellate intervention (see, Matter of Additional Jan. 1979 Grand Jury v Doe, 84 AD2d 588 [3d Dept 1981]). Thus, petitioner’s contempt citation is not for a definite term, for it continues and is ongoing only so long as defendant refuses to testify.
For the reasons set forth above, petitioner’s commitment for criminal contempt is not a definite sentence within the parameters of Correction Law § 804 so as to entitle petitioner consideration of good time allowance and, therefore, the petition is dismissed.