■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARENCE WILLIAMSON, Defendant, and MARIE RYAN, Appellant.—Order, Supreme Court, New York County (Joan B. Carey, J.), dated April 27, 1987, adjudging appellant guilty of criminal contempt and ordering her imprisoned for a period of 15 days, is unanimously modified, on the law, the facts and in the exercise of discretion, to provide that punishment be limited to a fine of $250, and otherwise affirmed.

Appellant is a former court reporter who took the minutes of certain proceedings which were necessary for the court to review 11 years later. Directed by the court to transcribe her stenographic notes, appellant refused to do so unless paid an amount which she claimed represented a free-lance rate of compensation. The court found that her behavior, "flailing her arms, screaming and claiming that she would only transcribe the minutes for a fee set by her, was such that this court could have held her in summary contempt based upon her conduct in the direct presence of the court." Advising appellant that any questions she had concerning the rate of pay should be taken up with the Office of Court Administration, the court gave her an additional three weeks to prepare a transcript, and warned her that a failure to do so could result in her being cited for criminal contempt. When appellant did not produce the transcript by the time directed, contempt proceedings were immediately instituted against her. Shortly thereafter, but well before the hearing which the court had scheduled, appellant prepared and delivered the transcript. The hearing nevertheless went forward, culminating in an order adjudicating appellant guilty of criminal contempt and ordering her imprisoned for 15 days.

On appeal, appellant argues that her disobedience was not willful within the meaning of Judiciary Law § 750 (3) in that it arose out of a "misguided concern" over whether she would receive fair pay for her services. Such argument fails to appreciate that a court order must be obeyed, no matter how erroneous it may seem to be, provided the court has jurisdiction and the order is not void on its face (State of New York v Congress of Racial Equality, 92 AD2d 815, 816-817; 21 NY Jur

2d, Contempt, § 30), and, provided further, that it has not been stayed by a higher court. The court's order here was clear and unequivocal, and there can be no doubt that appellant intended to disobey it. While her conduct was "misguided", it was not any the less willful.

We also reject appellant's argument that she purged herself of the contempt when, during the pendency of the contempt proceedings, she prepared the requested transcript and submitted it to the court. Having disobeyed the court's order, appellant did not have it within her power to set up a defense to the contempt proceeding by belatedly preparing the transcript. While it is true that a contemnor, once adjudicated in criminal contempt, will often be allowed to purge the contempt by performance of the act required *(Matter of Ferrara v Hynes,* 63 AD2d 675; 21 NY Jur 2d, *op. cit.,* § 97), there is no right, as such, to a "purge order". Rather, whether a contempt should go unpunished, and, if so, on what conditions, is a matter entirely within the discretion of the court *(see, People v Leone,* 44 NY2d 315, 318, 320; 21 NY Jur 2d, *op. cit.,* § 97).

However, we do view appellant's eventual compliance with the court's order as a mitigating factor which should have been taken into consideration by the court in determining punishment *(People v Leone, supra;* 21 NY Jur 2d, *op. cit.,* § 93). We also take into account that because appellant's original notes had by this time been transferred to microfilm, and because she did not have a microfilm viewer immediately at her disposal, the process of transcription in this case was somewhat more laborious than usual. On balance, we think that a fine of $250, the maximum permitted by law (Judiciary Law § 751 [1]), would have been sufficient to vindicate the authority of the court's mandate. Concur—Sullivan, J. P., Ross, Milonas and Rosenberger, JJ.