■ In the Matter of XYZ NURSING HOME, INC., Respondent, v EDWARD J. KURIANSKY, as New York State Deputy Attorney-General for Medicaid Fraud Control, Appellant.—In a proceeding to modify a Grand Jury subpoena duces tecum, the New York State Deputy Attorney-General for Medicaid Fraud Control appeals (1) from so much of an order of the Supreme Court, Kings County (Meyerson, J.), dated October 11, 1989, as required him, at government expense, to provide the petitioner with photocopies of all subpoenaed documents as the petitioner may demand, and, (2) from so much of an order of

the same court, entered December 14, 1989, as denied his motion for renewal.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs.

The New York State Deputy Attorney-General for Medicaid Fraud Control (hereinafter Deputy Attorney-General) has had possession since October 12, 1989, of numerous documents comprising 16 categories of original business records produced by the petitioner XYZ Nursing Home, Inc. (hereinafter XYZ) pursuant to a subpoena duces tecum. Upon application by XYZ the Supreme Court directed, *inter alia,* that the Deputy Attorney-General, as issuer of the subpoena, bear the costs of reproducing such subpoenaed records as XYZ may demand *(see,* CPL 610.25 [2]). The subsequent motion of the Deputy Attorney-General for leave to renew was denied.

CPL 610.25 (2) provides that where records are possessed pursuant to a subpoena duces tecum the reasonableness, duration and conditions of such possession shall be determined by the court with consideration for, *inter alia,* "the feasibility and appropriateness of making copies of the evidence" with all costs to be borne "by the person or party issuing the subpoena unless the court determines otherwise in the interest of justice". On this appeal, the Deputy Attorney-General seeks to have the reproduction costs imposed upon XYZ "in the interest of justice".

We conclude that the Supreme Court properly directed the Deputy Attorney-General to bear the cost of reproducing any subpoenaed records demanded by XYZ. Only in the rare instance may the costs of reproducing subpoenaed records be imposed upon the recipient of the subpoena *(see generally,* Siegel, Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2305:4 [1990 Supp Pamph], at 107). The matter before us does not present such a special case. Contrary to the Deputy Attorney-General's contention, the record does not demonstrate that the documents XYZ sought to have photocopied were sought in bad faith or without a legitimate purpose. We further observe that the Deputy Attorney-General chose to forego an on-site inspection of XYZ's records and has made no effort after four months of possession to return those records which do not bear upon its investigation, avenues of conduct which, if followed, would mitigate its reproduction costs. Mangano, J. P; Thompson, Kunzeman and Rubin, JJ., concur.