■ In the Matter of JUDITH JONES et al., Respondents. FRANK F. McKANIC, Appellant.—In an action, *inter alia,* to set aside an election of directors of Rochdale Village, Inc., its president Frank K. McKanic appeals from an order of the Supreme Court, Queens County (Rosenzweig, J.), dated April 18, 1988, which granted the petitioners' motion to punish him for criminal contempt, for (1) failing and refusing to abide by a temporary restraining order, (2) disseminating a publication which falsely and grossly inaccurately reported on, *inter alia,* the instant action, and (3) violating and willfully disobeying the trial court's lawful mandate, and imposed a fine of $250.

Ordered that the order is reversed, on the law, with costs, and the motion to hold the appellant Frank McKanic in contempt is denied.

The appellant Frank McKanic was found to have committed three instances of criminal contempt, all of which arose from the internal dissension among the shareholders of Rochdale Village, Inc., a cooperative. With respect to the first incident, after a board of directors meeting had commenced, board member David McCarthy began handing out copies of a temporary restraining order, signed earlier that evening, which temporarily enjoined the certification of certain board members elected earlier that month because that election was being contested. McKanic, the president of the board, who was made aware that McCarthy was seeking to distribute a restraining order, considered McCarthy's conduct to be out of order and continued the meeting, at which the newly elected board members were seated. After reading the temporary restraining order later that evening, McKanic caused notices to be issued to the board members who had been replaced at the meeting with the newly elected members, and at the next board meeting held a few days later, those members were reinstated.

It is clear that McKanic, in the context of this emotionally charged meeting, was motivated not by a desire to disobey the temporary restraining order, but by a desire to squelch what he considered to be a calculated attempt to interrupt the board meeting. Although McKanic's conduct did constitute a violation of a court order of which he was arguably aware *(see,* Judiciary Law § 750 [A] [3]), upon calm reflection later that evening, McKanic reversed the acts constituting the contempt, thereby, in effect, purging his purported contempt *(see, Matter*

*of Silverstein v Aldrich,* 76 AD2d 911; *Matter of Ferrara v Hynes,* 63 AD2d 675). Under those circumstances, the Supreme Court, Queens County, improvidently exercised its discretion in finding McKanic in contempt for willfully violating the temporary restraining order.

With respect to the second alleged incident of criminal contempt, we do not agree with the hearing court's determination that the "Status Report on Election Case" disseminated by McKanic contained a false and grossly inaccurate report about the underlying proceedings. The comments relating specifically to the instant action to set aside the election did not inaccurately describe it and, hence, cannot be the basis for a finding of criminal contempt (Judiciary Law § 750 [A] [6]). Further, the concededly derogatory remarks contained in that report concerning a Justice of the Supreme Court, for which McKanic subsequently apologized, could not be the basis for a finding of criminal contempt since they cannot be said to have posed " 'a clear and present danger' or 'a serious and immediate threat' to the administration of justice" *(Matter of Oliver v Postel,* 30 NY2d 171, 180).

The third finding of criminal contempt also cannot stand. The terms of the "So Ordered" stipulation that McKanic is alleged to have violated are too vague and indefinite to warrant a finding of willful disobedience beyond a reasonable doubt *(see, Yorktown Cent. School Dist. No. 2 v Yorktown Congress of Teachers,* 42 AD2d 422; *People v Balt,* 34 AD2d 932).

In light of the foregoing, the motion to punish McKanic for criminal contempt is denied. Brown, J. P., Lawrence, Eiber and Rosenblatt, JJ., concur.