■ In the Matter of EDWARD J. KURIANSKY, as New York State Deputy Attorney-General for Medicaid Fraud Control, Respondent-Appellant, v ASAD ALI, Respondent, and 306 SUMNER AVENUE PHARMACY, INC., et al., Appellants-Respondents. —In a proceeding to adjudge the respondents in contempt of court for failure to comply with Grand Jury subpoenas duces tecum, 306 Sumner Avenue Pharmacy, Inc., and Nostrand-Gates Pharmacy, Inc., appeal from an order of the Supreme Court, Kings County (Jones, J.), dated April 9, 1991, which found them to be in criminal contempt, and the New York State Deputy Attorney-General for Medicaid Fraud Control appeals from so much of an order of the same court, entered April 22, 1991, as, upon reargument, adhered to that portion of its prior determination which dismissed the contempt proceeding against Asad Ali.

Ordered that the order dated April 9, 1991, is modified, in the exercise of discretion, by deleting from the last sentence of the last paragraph the phrase "the fine shall be reduced to $250 each", and substituting therefor the phrase "the contempt shall be purged and the fine shall be eliminated"; as so modified, the order is affirmed, without costs or disbursements; and it is further,

Ordered that the appellants-respondents' time to comply with the subpoenas duces tecum is extended until 10 days after service upon them of a copy of this decision and order, with notice of entry; and it is further,

Ordered that the order dated April 22, 1989, is reversed insofar as appealed from, on the law, without costs or disbursements, the petition is reinstated as against Asad Ali, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

The appellants-respondents contend that they were not obligated to comply with the Grand Jury subpoenas duces tecum issued by the New York State Deputy Attorney-General for Medicaid Fraud Control (hereinafter the Deputy Attorney-General) until after the Deputy Attorney-General tendered payment for reproduction and transportation expenses. We disagree. Pursuant to CPL 610.25, a person or party who issues a subpoena duces tecum must bear the cost of reproduction and transportation incident to its discovery and copying of documentary evidence (see, Matter of XYZ Nursing Home v Kuriansky, 159 AD2d 576). However, that obligation does not

arise until after the subpoenaing party has had possession of the documents for a reasonable period of time, and has had an opportunity to determine which documents it wishes to copy *(see,* CPL 610.25 [2]).

Nevertheless, we note that the appellants-respondents expressed their willingness to comply with the subpoenas upon resolution of the dispute over the scope and timing of the Deputy Attorney-General's obligation to provide reproduction and transportation costs. In addition, the appellants-respondents voiced legitimate concerns regarding turning over a large volume of original documents necessary for their ongoing operations and a possible criminal defense. Moreover, the timing and scope of a subpoenaing party's obligations with respect to reproduction costs under CPL 610.25 had not previously been addressed by this court. Under these circumstances, we believe that the better practice would have been for the Deputy Attorney-General to move to compel compliance with the subpoenas rather than to commence a criminal contempt proceeding *(see, Matter of Hynes v Moskowitz,* 44 NY2d 383, 393). Accordingly, in the exercise of discretion, we afford the appellants-respondents an opportunity to purge their contempt by complying with the subpoenas *(see, Matter of Additional Jan. 1979 Grand Jury v Doe,* 84 AD2d 588; *Matter of Ferrara v Hynes,* 63 AD2d 675).

Turning to the issue raised by the Deputy Attorney-General's appeal, we find that Asad Ali was adequately apprised of his potential liability for the failure of the appellants-respondents to comply with the subpoenas *(see, Matter of New York State Labor Relations Bd. v Kleen-Rite Process Corp.,* 258 App Div 59; *Matter of Spector v Allen,* 281 NY 251). In this regard, we note that Ali was served with the subject subpoenas as a "corporate officer or managing agent", and was personally named in the contempt petition. Accordingly, the contempt petition against him should not have been dismissed on lack of notice grounds. We note that in the event that the appellants-respondents fail to purge themselves of their contempt, Ali will be free, at trial, to assert his claim that he had no authority to direct the appellants-respondents to comply with the subpoenas. Kooper, J. P., Lawrence, Eiber and O'Brien, JJ., concur.