■ In the Matter of MIRIAM DAVIDSON, Petitioner, v LAURA VISITACIÓN-LEWIS et al., Respondents. [16 NYS3d 552]—

Petition pursuant to CPLR article 78 to annul an order, Supreme Court, New York County (Laura Visitación-Lewis, J.), entered December 12, 2014, in *Matter of Application of Stephen W. Schlissel, Esq., for the Appointment of a Guardian of Janet Cox Rearick Hitchcock, an Alleged Incapacitated Person* (index No. 500017/13), which found petitioner guilty of two citations of criminal contempt of court, and ordered her, among other things, to pay a fine of $500 for each citation by January 7, 2015, unanimously granted, without costs, and the contempt citations annulled.

During a one-day hearing pursuant to Mental Hygiene Law article 81, respondent ordered petitioner to be quiet, and warned petitioner that if she continued interrupting the court, she would be found in contempt. Later in the hearing, respondent issued the two contempt citations when petitioner spoke before the court had completed its statements. These summary contempt findings were not supported by sufficient evidence; counsel's perceived misconduct can be best described as petty transgressions, in which counsel prematurely sought to explain her client's position or dispute a factual assertion by the court. Counsel's conduct did not rise to the level contemplated by 22 NYCRR § 604.2 (a) (1). Since the record fails to support the finding, there is no basis to direct any additional proceedings; we need only annul the contempt citations. Notably, however, even if the nature of counsel's conduct had justified a contempt finding under 22 NYCRR § 604.2 (a) (1), respondent failed to comply with 22 NYCRR § 604.2 (a) (3), which requires that a person accused of contempt be afforded "a reasonable opportunity to make a statement in his defense or in extenuation of his conduct." "The record before us is devoid of 'the essential proffer in open court' to the accused prior to imposition of the sanction" (*Matter of Roajas v Recant*, 249 AD2d 95, 96 [1st Dept 1998], quoting *Matter of Katz v Murtagh*, 28 NY2d 234, 238 [1971]). We also agree with petitioner's assertion that she was deprived of her constitutional right to due process by the lack of an opportunity to be heard on this matter affecting her

reputation (*see Wisconsin v Constantineau*, 400 US 433, 437 [1971]).

However, we reject petitioner's request to annul the order on the grounds that the contempt findings were unsupported by sufficient evidence and constituted an abuse of discretion. Moreover, petitioner's assertion that she purged her contempt by sending a letter of apology to respondent several months afterwards is unavailing (*see People v Williamson*, 136 AD2d 497, 498 [1st Dept 1988]; *cf. Matter of Kuriansky v Ali*, 176 AD2d 728 [2d Dept 1991], *lv dismissed* 79 NY2d 848 [1992]). Concur—Friedman, J.P., Andrias, Saxe, Gische and Kapnick, JJ.